IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**TYRONE AMOS ROBERTS,**

    Petitioner,

vs.                                    Case No. 5:05cv234-RH/WCS

**GULF CORRECTIONAL INSTITUTION
OFFICIALS, et al,**

    Respondents.

    _____/

## REPORT AND RECOMMENDATION TO DISMISS § 2254 PETITION

Petitioner filed a form 28 U.S.C. § 2254 petition, and a letter with exhibits, pertaining to his "actual innocence motion package." Docs. 1 and 5. The court directed Petitioner to show cause why his § 2254 petition should not be summarily dismissed as untimely. Doc. 6 (incorporated herein by reference). As calculated in the order, the one year period for filing a § 2254 petition expired around June 1, 1999 (absent a later commencement date or tolling not indicated by the petition), and Petitioner's postconviction motion filed on June 11, 2002, was too late to toll the one year period. *Id.*, p. 3. Petitioner was given the opportunity to show that his petition was not untimely,

and advised that "[i]f Petitioner asserts that he is entitled to equitable or statutory tolling, he must set forth specific allegations of fact." *Id.*, pp. 3-4.

Petitioner filed a response. Doc. 7. As well as can be deciphered, Petitioner claims that while at Gulf Correctional Institution from May 1998 through June 11, 2002, he was on medication and received monthly evaluations for mental illness, depression, confusion, and nervousness. *Id.*, p. 1. He was also in "keeplock close management" for part or all of this time. Petitioner asserts that he received little help from inmate law clerks, and that the medication interfered with his thinking and decision making. *Id.* The medication had side effects including "heavy sleepiness." *Id.*

Petitioner also refers to suffering withdrawals from psychiatric medication, which interfered with his ability to make rational decisions. *Id.*, pp. 1-2. He states that he has been off of psychiatric medication for over a year and is attempting to prosecute his case. *Id.*, p. 2.

It therefore appears that Petitioner seeks equitable tolling for the entire period from sentencing to the filing of his motion to correct illegal sentence on June 11, 2002. As he was previously advised, Petitioner must establish both extraordinary circumstances and due diligence to be entitled to equitable tolling. Doc. 6, p. 3, *citing* Diaz v. Secretary for Dept. of Corrections, 362 F.3d 698, 702 (11th Cir. 2004). "Equitable tolling is limited to rare and exceptional circumstances, such as when the

State's conduct prevents the petitioner from timely filing." Lawrence v. Florida, 421 F.3d 1221, 1226 (11th Cir. 2005), *cert. granted*, 2006 WL 19613 (March 27, 2006) (mem.).[1]

While mental incompetence may support equitable tolling of the limitations period, a petitioner must "establish a causal connection between his alleged mental incapacity and his ability to file a timely petition." Lawrence, 421 F.3d at 1226.  In Lawrence, petitioner's low IQ and claim "that he has suffered from mental impairments his entire life," did not establish entitlement to equitable tolling.  *Id.*, at 1227.  Further, a brief period of mental incapacity does not necessarily warrant tolling.  Fisher v. Johnson, 174 F.3d 710, 715-716 (5th Cir. 1999), *cert. denied*, 531 U.S. 1164 (2001). Equitable tolling is not justified for an inmate who had "more than enough time to file" after his period of incapacity ended, as "equity is not intended for those who sleep on their rights."  *Id.*, at 715 (citations and footnote omitted).

The records of this court contradict the claim that Petitioner was unable to seek relief between 1998 and 2002.  He filed a 42 U.S.C. § 1983 complaint signed December 27, 2000.  5:00cv305-MP, doc. 1.  He thereafter filed an amended complaint, motion to proceed in forma pauperis, and motion for appointment of counsel.  Docs. 4-6 and 10 in that case.  He filed a second amended complaint dated April 9, 2001.  Doc. 14 in that

---

[1]As summarized in the petition for writ of certiorari, the questions presented are: whether the time was tolled under § 2244(d)(2) where the petitioner (sentenced to death) had a petition for writ of certiorari pending following denial of postconviction relief; alternatively, whether confusion regarding the statute of limitations (evidenced by a split in the circuit courts) justified equitable tolling; or, in the second alternative, whether the fact that counsel giving advice on the statute of limitations was a species of state actor, and had a duty to file motions in a timely manner, justified equitable tolling. 2006 WL 776784 (petition of January 23, 2006).

case. He filed another motion to proceed in forma pauperis, and a response to order. Docs. 15 and 16 in that case. In the latter, he told the court he had gone through mental crises at the end of February, 2001. The § 1983 suit was ultimately dismissed for Petitioner's failure to comply with a court order to file a third amended complaint. Docs. 19 and 21 in that case. Judgment was entered on the docket on October 4, 2001. Doc. 22 in that case.

Clearly, therefore, Petitioner has not shown entitlement to equitable tolling for the *entire* period up to June 11, 2002, when his state court motion was filed. And even if some of that period was tolled, Petitioner indicates the state motion was denied on July 16, 2002, and he did not appeal. Doc. 1, pp. 2-3. He claims he has been at Lake Correctional Institution since July of 2003, receiving evaluation counseling therapy each month, and that in June of 2004 he filed a motion to obtain his charging document. Doc. 7, p. 2. His "psych. grade" was dropped and he has "been off of psych. meds and mental health evaluations for about a year two months." *Id.* Even assuming some periods of incapacity before and after June of 2002, and assuming there is a causal connection between the alleged incapacity and Petitioner's ability to seek relief, Petitioner has not shown due diligence. See Fisher, 174 F.3d at 715.

Finally, it is noted that in addition to freedom from his sentence, Petitioner seeks reimbursement of gaintime and monetary damages. Petitioner is not entitled to damages in a habeas corpus case. Preiser v. Rodriguez, 411 U.S. 475, 494, 93 S.Ct. 1827, 1838, 36 L.Ed.2d 439 (1973). Any claim regarding Petitioner's 1998 disciplinary

report (attached to the § 2254 petition[2]) would appear to be untimely.  See <u>Medberry v. Crosby</u>, 351 F.3d 1049, 1061-62 (11th Cir. 2003), *cert. denied,* 541 U.S. 1032 (2004) (petitioner in custody pursuant to state court judgment was authorized by § 2241 and subject to the additional restrictions of § 2254, even where the petitioner challenged prison disciplinary proceedings rather than the state court judgment);  <u>Peoples v. Chatman</u>, 393 F.3d 1352, 1353 (11th Cir. 2004) (state prisoner's challenge to action of parole board was subject to § 2254 and attendant restrictions, including the one year time limit of § 2244(d); petition challenging waiver of parole revocation hearing executed in 1998 was untimely when filed) (citing <u>Medberry</u>, other citations omitted).[3]  Petitioner provides no indication that he pursued any state remedies on this claim, so the claim appears unexhausted as well.[4]

---

[2] As noted in the last order, a copy of the report for a disciplinary infraction on January 20, 1998, is attached to the § 2254 petition and to doc. 5.  Doc. 6, p. 2.  Petitioner lost eight days of gaintime, for close management evaluation and out to court status, and was sentenced to 60 days in disciplinary confinement.  There is no indication that Petitioner pursued available state remedies as to the disciplinary report.

[3] *See also* <u>Dulworth v. Evans</u>, __ F.3d __, 2006 WL 856234, *2 (10th Cir. April 4, 2006) (joining the Second, Fourth, Fifth and Ninth Circuits in holding that the one year limitations period applies to § 2254 petitions challenging administrative decisions, though the Seventh Circuit has found it does not) (collecting cases from those circuits).

[4] A petition was filed in the Middle District around the time the § 2254 petition was filed here.  Doc. 1, p. 3; doc. 6, p. 2.  According to records available in PACER, a § 2254 petition challenging a disciplinary proceeding was filed in the Orlando Division, transferred to the Jacksonville Division, and dismissed without prejudice for failure to exhaust state remedies.  Middle District Case No. 3:05cv1130-HLA-MMH.

It is therefore respectfully **RECOMMENDED** that the § 2254 petition, challenging Petitioner's 1998 sentence out of the Fourteenth Judicial Circuit in Gulf County, be **SUMMARILY DISMISSED** as untimely.

**IN CHAMBERS** at Tallahassee, Florida, on April 17, 2006.

 S/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.

Case No. 5:05cv234-RH/WCS